Jessica L. Lewis (SBN 302467)
jessica.lewis@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 600-5186

Michael G. Bongiorno (*pro hac vice*)
michael.bongiorno@wilmerhale.com
Tamar Kaplan-Marans (*pro hac vice*)
tamar.kaplan-marans@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

*Counsel for Defendants GRAIL, Inc., Robert P. Ragusa, Joshua J. Ofman, Harpal S. Kumar, William Chase, Sarah Krevans, Steven Mizell, and Gregory Summe*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTEN AUGITTO, derivatively on behalf of GRAIL, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>GRAIL, INC., ROBERT P. RAGUSA, JOSHUA J. OFMAN, HARPAL S. KUMAR, WILLIAM CHASE, SARAH KREVANS, STEVEN MIZELL, and GREGORY SUMME<br><br>Defendants. | Case No. 4:26-cv-06290-JST<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER REGARDING STAYING ACTION** |

Defendants GRAIL, Inc. ("GRAIL"), Robert P. Ragusa, Joshua J. Ofman, Harpal S. Kumar, William Chase, Sarah Krevans, Steven Mizell, and Gregory Summe (the "Individual Defendants," and together with GRAIL, "Defendants") and Plaintiff Kristen Augitto ("Plaintiff," together with Defendants, "Parties"), by and through their respective counsel, hereby stipulate as follows:

WHEREAS, on June 23, 2026, Plaintiff filed this Verified Shareholder Derivative Complaint (the "Complaint") in the United States District Court for the Northern District of California, entitled *Augitto v. Ragusa, et al.*, No. 4:26-cv-06290 (the "Derivative Action"), purportedly brought on behalf of nominal defendant GRAIL (a Delaware corporation) against the Individual Defendants for breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"); and derivative claims for contribution under Sections 10(b) and 21D of the Exchange Act;

WHEREAS, the claims asserted by Plaintiff in this Derivative Action are factually related to, and based in part on, a securities class action litigation pending before this Court against Defendants GRAIL, Robert P. Ragusa, Joshua J. Ofman, and Harpal S. Kumar, entitled *Robbins v. GRAIL, Inc., et al.*, No. 4:26-cv-05428-JST (the "Securities Class Action"), which was filed on June 5, 2026;

WHEREAS, the Derivative Action was initially assigned to Magistrate Judge Kandis A. Westmore and has now been related to the Securities Class Action (Dkt. 12);

WHEREAS, pursuant to the Parties' stipulation under Local Rule 6-1, Defendants' response to the Complaint in the Derivative Action is currently due September 14, 2026 (Dkt. 11);

WHEREAS, upon reassignment, this Court set an initial case management conference for November 24, 2026, with the case management statement due November 17, 2026 (Dkt. 14);

WHEREAS, the Parties agree that, given the circumstances of this Derivative Action and the factually related Securities Class Action, it is in the best interests of all Parties, and in the interests of efficiency and economy, to stay temporarily this Derivative Action to avoid

inefficiencies and duplicative efforts, and better preserve the resources of the Parties and the Court;

WHEREAS, the Parties agree that, in light of all of the foregoing, it is premature at this time to set deadlines or other dates on the matters set forth in Civil Local Rule 16.1(b);

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties through their respective counsel of record and subject to approval of the Court, as follows:

1. This Derivative Action, including all deadlines, conferences (including the initial case management conference currently scheduled for November 24, 2026), and hearings currently scheduled, shall be stayed until the final resolution of the Securities Class Action.

2. To the extent this Derivative Action is stayed pursuant to Paragraph 1 of this Stipulation, within fourteen (14) days of the final resolution of the Securities Class Action, the Parties shall meet and confer and submit a proposed schedule to the Court for further proceedings in this Derivative Action, including dates by which Plaintiff must designate an operative complaint, and a date by which Defendants must answer or otherwise respond to the operative complaint in this Derivative Action.

3. While this Derivative Action is stayed or otherwise pending prior to Defendants' response to the Complaint, Defendants shall promptly notify Plaintiff, through their undersigned counsel, of any derivative action(s) based on the same or similar set of facts as those alleged in this Derivative Action ("Related Derivative Actions"), including books and records demands made pursuant to Delaware General Corporation Law, 8 Del. C. §220 ("Section 220") and litigation demands.

4. In the event that the parties to the Securities Class Action agree to attend either a court-ordered settlement conference or party-scheduled mediation or other formal settlement talks, Defendants will provide Plaintiff with reasonable advance notice of and shall invite Plaintiff to participate therein, subject to Defendants seeking and receiving permission from the Court (in the event of a court-ordered settlement conference) and/or other parties to the mediation and/or settlement conference. If Defendants are unable to include Plaintiff in such

mediation and/or settlement conference and/or formal settlement talks, Defendants agree to mediate with Plaintiff at or about the same time.

5. Defendants shall provide Plaintiff with reasonable advance notice of, and shall include Plaintiff in any mediation or formal settlement talks with plaintiff(s) in any Related Derivative Action.

6. While the Derivative Action is stayed or otherwise pending prior to Defendants' response to the Complaint, subject to the restrictions set forth in this Paragraph and Paragraphs 7 through 8 herein, Defendants shall promptly provide Plaintiff with undersigned counsel as Plaintiff's designated receiving agent, copies of any documents produced by Defendants in connection with any demand pursuant to Section 220 that relate to the subject matter of the claims asserted in this Derivative Action (the "Documents"), subject to Plaintiff's entry of an appropriate confidentiality order in this Derivative Action that permits Plaintiff to use the Documents in Plaintiff's case.

7. Plaintiff acknowledges that the Securities Class Action is currently subject to a mandatory discovery stay pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, and agrees not to share any Documents or other documents or information provided pursuant to the terms of this Stipulation with plaintiffs in the Securities Class Action or any other actions. Plaintiff agrees that to the extent Plaintiff is permitted to use any Documents or other non-public documents or information in a complaint, Plaintiff will file such complaint under seal.

8. Any provision of Documents pursuant to this Stipulation will not constitute a waiver of, or in any way limit, Defendants' right to file a motion to dismiss arguing that Plaintiff fails to plead adequately demand futility, or Defendants' right to argue that Plaintiff is not entitled to conduct formal discovery prior to establishing standing.

9. While the Derivative Action is stayed or otherwise pending prior to Defendants' response to the Complaint, Defendants shall promptly notify Plaintiff, through their undersigned counsel, if any Related Derivative Action is not stayed for a similar or longer duration than the stay of the Derivative Action.

10. If any Related Derivative Action is not stayed for the same duration as, or a longer duration than, the Derivative Action, Plaintiff may lift the agreed stay by giving fourteen (14) days written notice to undersigned counsel for Defendants via email. Within fourteen (14) days after the termination of the stay, the Parties shall meet and confer and submit a proposed schedule to the Court for further proceedings in this Derivative Action, including dates by which Plaintiff must file and/or designate an operative complaint, and a date by which Defendants must answer or otherwise respond to the operative complaint in this Derivative Action.

11. During the stay, the Complaint may be amended, but Defendants shall not respond to any amended complaint during the pendency of the stay.

12. The Parties shall meet and confer regarding consolidation of any shareholder derivative action filed in, removed to, or transferred to this Court that any Party determines is related to this Derivative Action and an application for consolidation of such a shareholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

13. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a Related Derivative Action that are more favorable to the plaintiff(s) therein, those more favorable terms or conditions shall be deemed incorporated into this agreement.

14. By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein, including the right to pursue formal discovery, the right to object to any formal discovery, the right to move for a future stay, and the right to file any other motion that any party deems appropriate.

IT IS SO STIPULATED.

Dated: September 4, 2026

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ Jessica Lewis
Jessica Lewis

*Counsel for Defendants GRAIL, Inc., Robert P. Ragusa, Joshua J. Ofman, Harpal S. Kumar, William Chase, Sarah Krevans, Steven Mizell, and Gregory Summe*

Dated: September 4, 2026

The Brown Law Firm, P.C.

By: /s/ Robert Moest
Robert Moest

*Counsel for Plaintiff Kristen Augitto*

**ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I, Jessica Lewis, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**CERTIFICATION**

I, Jessica Lewis, am the ECF user whose ID and password are being used to file this STIPULATION AND [PROPOSED] ORDER REGARDING STAYING ACTION.

Dated: September 4, 2026

*/s/ Jessica Lewis*
Jessica Lewis

**[~~PROPOSED~~] ORDER**

Pursuant to the foregoing stipulation, IT IS SO ORDERED.

September 10, 2026

The Honorable Jon S. Tigar
United States District Judge